MATTER OF SEDGHI

In Deportation Proceedings

A-21150074

*Decided by Board April 25, 1980*

(1) The reporting requirements of 8 C.F.R. 214.5(a)(1979) required each Iranian student to present "[e]vidence from the school of enrollment and payment of fees or waiver of payment of fees for the current semester."

(2) The purpose of the reporting requirements was to assist in identifying "any Iranian students in the United States who [were] not in compliance with the terms of their entry visas . . . ."

(3) In view of the purpose underlying the reporting requirements, a "waiver of payment of fees" for maintenance of student status purposes will be presumed to have been granted if a school allows a student, who has not paid all fees, to continue with his or her studies, even though ultimate payment of the fees is not intended to be "waived" by the school.

(4) Accordingly, a "waiver of payment of fees" for maintenance of student status purposes is found to have arisen where a school permitted the respondent to register and attend classes for two successive semesters even though the required fees had not been paid, where respondent in fact continued with his studies, and where no evidence was offered that the school did not consider respondent to be a student in good standing.

CHARGE:
Order: Act of 1952—Sec. 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant student—
Failed to comply with conditions of nonimmigrant status

ON BEHALF OF RESPONDENT: Pro se

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The Service appeals from the November 29, 1979, decision of the immigration judge ordering deportation proceedings against the respondent terminated. The appeal will be dismissed.

The respondent is a native and citizen of Iran, who entered the United States as a nonimmigrant student in August 1978. He apparently reported to the Miami District Office before December 31, 1979, concerning his residence in this country and the maintenance of his student status as was required by 8 C.F.R. 214.5 (effective

November 13, 1979; amended December 17, 1979). Documents issued by the university the respondent was attending reflected that he was "currently enrolled as a student at [the school]," but that he had not paid the $2,840 fee for the current term of enrollment. The school indicated that this balance was "due and payable."

On November 20, 1979, the Service issued an Order to Show Cause charging the respondent with being deportable under section 241(a)(9) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(9), as a nonimmigrant who failed to comply with the conditions of the nonimmigrant status under which he was admitted. It was alleged that this failure to maintain his nonimmigrant status arose because he "failed to comply with tuition requirements at the school [he was] authorized to attend."

At the deportation hearing on November 29, 1979, the respondent testified that he was then enrolled in the university he was admitted into this country to attend. He stated that he had not been able to pay his fees at the school, but intended to do so when funds became available. He further indicated that he had not paid his fees the prior semester, but that the university decided to go ahead and register him for the current semester because of his financial problems[1] and to allow him to continue with his studies. On these facts (which the Service did not dispute), the immigration judge concluded that the Service had failed to establish by clear, convincing, and unequivocal evidence that the respondent had violated his student status.

The Service appeals. It is stated that 8 C.F.R. 214.5(a)(2) requires Iranian students to "exhibit proof of payment of fees or a waiver thereof," that this student has failed to exhibit such proof, that the failure to comply with the requirements of 8 C.F.R. 214.5(a) is considered a violation of the nonimmigrant's stay under 8 C.F.R. 214.5(b), and that the respondent is accordingly deportable under section 241(a)(9) of the Act.

8 C.F.R. 214.5(a) required Iranian students to appear before a Service officer on or before December 31, 1979, to verify their nonimmigrant student status. Each student was required to have in his or her possession at the time of reporting various documents, including "[e]vidence from the school of enrollment and payment of fees or waiver of payment of fees for the current semester." 8 C.F.R. 214.5(b) specified that failure to comply with the provisions of 8 C.F.R. 214.5(a) would be considered "a violation of the nonimmigrant's stay in the United States and [would] subject him or her to deportation proceed-

---

[1] The respondent testified that he was aware that he was not permitted to work without Service permission. The Service did not allege that the respondent had engaged in any employment to support himself.

ings under Section 241(a)(9) of the Act." The purpose of the reporting requirement was to comply with President Carter's November 10, 1979, directive to the Attorney General "to identify any Iranian students in the United States who [were] not in compliance with the terms of their entry visas, and to take the necessary steps to commence deportation proceedings against those who [had] violated applicable immigration laws and regulations."

We will resolve this appeal based upon our interpretation of the phrase "payment of fees or waiver of payment" found in 8 C.F.R. 214.5(a). The Service urges a strict interpretation of this language (*i.e.,* a student is out of status if he or she fails to make a payment which the school indicates will have to be paid). The immigration judge takes a less "fiscal" and more pragmatic view of what the words should be construed to mean (*i.e.,* that a "waiver" of fees for maintenance of status purposes should be presumed to have been granted if the school allows the student to continue with his or her studies, even though ultimate payment of the fees is not intended to be "waived").

In view of the purpose which gave rise to the regulatory requirements set forth in 8 C.F.R. 214.5, we find the immigration judge's position to be the more persuasive of the two. The Service does not allege that the respondent's school does not consider him to be a student in good standing. It is uncontested in fact that he has continued his studies and that the school has permitted him to register and attend classes for two successive semesters even though the required fees have not been paid. We believe that this permission to register and attend school is in fact a "waiver of payment of fees for the current semester" insofar as those words pertain to the bona fides of the respondent's student status. We do not find the fact that the school has not "waived" the student's ultimate financial obligation to be particularly relevant to the issue of the respondent's status as a bona fide student so long as the school is willing to allow the student to continue with a full course of study as required under 8 U.S.C. 214.2(f)(1) and the student does not otherwise violate the conditions of his stay. Accordingly, the Service appeal from the immigration judge's order terminating deportation proceedings will be dismissed.

**ORDER:** The appeal is dismissed.